

**FILED**

**OCT 18 2022**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20 CR 688 |
| v. ) | |
| ) | Hon. Judge Tharp |
| HYTERA COMMUNICATIONS ) | Magistrate Judge McShain |
| CORPORATION, LTD., ) | |
| ) | |
| Defendant. ) | |

## VICTIMS' RIGHTS SUBMISSION CONCERNING TRIAL DATE

Motorola Solutions, Inc. ("Motorola"), the victim of the criminal trade secret theft conspiracy detailed in the grand jury's indictment of Hytera Communications Corporation, Ltd., and seven of its employees, respectfully submits this filing under 18 U.S.C. § 3771 to apprise the Court of its position concerning the setting of a date for the speedy trial of this matter. Motorola understands the Court may soon be asked to set a date for the trial of this case and, while recognizing the demands on the Court's docket, respectfully wishes to share its position.

Motorola is acutely concerned that absent a prompt trial of this case, its rights as a crime victim will be irreparably impaired, including specifically: (1) the "right to be reasonably protected from the accused," a criminal business organization that continues to use the trade secrets it stole to injure Motorola, its shareholders and its employees; (2) the "right to full and timely restitution as provided in law," given Hytera's refusal to pay the more than $631M in damages already awarded to Motorola in a civil proceeding tried before Judge Norgle in 2020, which it falsely claims it has the inability to pay; and (3) the "right to proceedings free from unreasonable delay," including those that may be caused by a defendant's strategy to avoid justice through delay. 18 U.S.C. § 3771(a)(1), (6), (7).

Where a criminal defendant is a business organization like Hytera, the protection of the public unfortunately cannot be achieved by pretrial detention, as with individuals found to be a danger to the public. Motorola very much appreciates the challenges this Court may face in scheduling post-pandemic trials, including where liberty interests are involved, but the public interest in a speedy criminal trial is also especially strong here. A prompt trial (and punishment, upon conviction) is an important way to protect the victim from Hytera's ongoing crime spree, obtain restitution for the victim, and deter similar conduct. That interest is especially acute where civil remedies have been sought successfully but where a foreign criminal enterprise like Hytera nonetheless continues to operate without any respect for the rule of law.

As this Court may be aware, Motorola filed a civil case in this District in March 2017 against Hytera Communications Corporation Ltd. (and related entities) for trade secret misappropriation. Case No. 1:17-cv-01973 (hereinafter "Civil Dkt."), Dkt. 1. Motorola subsequently amended its complaint to include copyright infringement allegations when it learned Hytera had also copied Motorola's source code. Civil Dkt. 265. The claims in that civil case largely track the conduct alleged by the grand jury in the case now pending in this Court.

Nearly three years ago in early 2020, a civil jury found for Motorola, condemned Hytera's theft, recognized the willful and malicious nature of its conduct, and awarded compensatory and punitive damages that now total more than $631M—findings that were subsequently confirmed by Judge Norgle in his post-trial orders. Since then, Hytera has proceeded as if that trial and verdict never happened, continuing to sell products based on the stolen technology and reaping the ongoing benefits of those illegal activities, all without posting a supersedeas bond or paying a cent of what it presently owes. Hytera has weaved a web of lies to avoid any remediation to the victim, claiming at first to Judge Norgle—to avoid the worldwide injunction sought by Motorola—that it

2

will instead pay a royalty to Motorola, but then when it came time to pay the court-ordered royalty, falsely stating—to avoid payment—that it lacks funds. A contempt motion is now pending to address this post-verdict conduct. Civil Dkt. 1360. But the bottom line is that Motorola, the injured party, has thus received no relief from Hytera (aside from a nominal amount arising from Hytera's decision to bankrupt its U.S. subsidiaries, which were defendants in the civil case), nor any indication that it intends to remediate, while Hytera—an adjudicated willful and malicious misappropriator—continues to sell competing products with stolen Motorola technology around the world, in derogation of the trade secret laws of this country, to the detriment of the United States and the norms of the modern global economy, and now while under criminal indictment.

The United States has its own independent and legitimate interests in prosecuting large-scale trade secret theft targeting American companies, and the criminal and civil cases differ in important respects. According to the government's charging instruments, its investigation apparently uncovered yet more evidence of Hytera's guilt and more instances of criminal misconduct—including where Hytera, acting in furtherance of its conspiracy, is explicitly alleged to have presented false testimony in the case before Judge Norgle. But the core allegations are the same ones that Hytera attempted and failed to contest nearly three years ago, represented by the same law firm that is representing Hytera in this criminal case. No excessive period of preparation by defense counsel is needed for Hytera to receive another fair trial on essentially the same facts, and any undue delay will simply inure to the wrongdoer's benefit.

To emphasize, Motorola acknowledges the scheduling challenges the Court may face, and it deeply appreciates the Court's consideration of this Victims' Rights submission as it manages its docket and this case specifically. Based on the victim's long and painful experience, there is simply no basis to believe that Hytera will do anything but continue to cause irreparable damage

3

for however long this criminal case takes to adjudicate, and Motorola respectfully requests, as the crime victim, that the case be tried without undue delay and as soon in 2023 as possible.

Dated: October 18, 2022                     Respectfully submitted,

*/s/ Mark E. Schneider*
Mark E. Schneider, P.C.
mark.schneider@kirkland.com
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60605
Tel: (312) 862-2000
Fax: (312) 813-6156

*Attorney for Crime Victim,
Motorola Solutions, Inc.*