UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | No. 20 CR 688 |
|---|---|---|
| | ) | |
| v. | ) | Hon. John J. Tharp, Jr. |
| | ) | |
| HYTERA COMMUNICATIONS | ) | |
| CORPORATION, LTD., et al. | ) | |

**GOVERNMENT'S REPONSE TO VICTIM'S SUBMISSION
UNDER THE CRIME VICTIM RIGHTS ACT**

The UNITED STATES OF AMERICA, by MORRIS PASQUAL, Attorney for the United States, acting under authority conferred by 28 U.S.C. § 515, respectfully responds to the filing submitted by the victim company, Motorola Solutions, Inc., under the Crime Victims' Rights Act, Title 18 U.S.C. § 3771 ("CVRA"). Because Motorola, as the victim, appropriately exercised its rights under the CVRA, the Court should take Motorola's views into account in setting a trial date.

On May 11, 2021, Defendant Hytera Communications Corporation, Ltd. and others were indicted with multiple violations related to the theft of trade secrets in violation of 18 U.S.C. § 1832. Docket Entry Number (Dkt. No.) 12. In summary, Hytera is charged with conspiring to recruit Motorola employees to steal Motorola's proprietary and trade secret information related to Motorola's digital mobile radio (DMR) technology and using the stolen Motorola technology to develop and sell Hytera's DMR product. *Id*.

On September 8, 2021, pursuant to the government's motion, the Court permitted the government to share the then under-seal indictment with Hytera's counsel. Dkt. No. 22.

On February 16, 2022, Hytera was arraigned on the indictment, and the indictment was unsealed prior to the arraignment. Dkt. Nos. 27 and 29. Because this case appears headed to trial, and recognizing the difficulties in coordinating the calendars of the parties and the Court for a lengthy, complex trial, at the August 16, 2022 status hearing, the government requested a trial date. Hytera's counsel opposed setting a trial date at that time.

Prior to the October 20, 2022 status hearing, on October 18, 2022, Motorola filed its "Victim Rights Submission Concerning Trial Date." Dkt. No. 64. In this submission, Motorola stated that it was "acutely concerned that absent a prompt trial of this case, its rights as a crime victim will be irreparably impaired" and asserted three rights under the CVRA:

> (1) the 'right to be reasonably protected from the accused,' a criminal business organization that continues to use the trade secrets it stole to injure Motorola, its shareholders and its employees; (2) the 'right to full and timely restitution as provided in law,' given Hytera's refusal to pay more than $631M in damages already awarded to Motorola in a civil proceeding tried before Judge Norgle in 2020, which it falsely claims it has the inability to pay; and (3) the 'right to proceedings free from unreasonable delay,' including those that may be caused by a defendant's strategy to avoid justice through delay. 18 U.S.C. § 3771(a)(1), (6), (7).

Dkt. No. 64 at 1.

2

During the October 20, 2022 status hearing, Hytera's counsel challenged the appropriateness of Motorola's submission under the CVRA. The Court instructed the parties to file a response to Motorola's submission by October 27, 2022.

The government provides this submission solely to explain that Motorola's October 18 submission was appropriate under the CVRA and, therefore, should be taken into consideration by the Court.

The CVRA provides certain rights to a crime victim, including: "(1) the right to be reasonably protected from the accused . . .(6) the right to full and timely restitution as provide in law. (7) the right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a). Motorola referenced and relied on these rights in its submission in seeking a trial date as soon as possible in 2023. Dkt. No. 64 at 4. The government has also requested a trial date towards the end of 2023.

Under the CVRA, these rights attach "[i]n any court proceeding involving an offense against a crime victim". 18 U.S.C. § 3771(b)(1). *See Does v. United States*, 817 F. Supp. 2d 1337, 1340–41 (S.D. Fla. 2011) ("If a prosecution is underway, the CVRA grants victims standing to vindicate their rights in the ongoing criminal action."). Here, Motorola is a "crime victim" under the CVRA because it was "directly and proximately harmed as a result of the commission of a federal offense" 18 U.S.C. § 3771 (e)(2)(A); *see also United States v. Rubin*, 558 F.Supp.2d 411, 418 (EDNY June 11, 2008) (the district court "presume[d] that any person whom the government asserts was harmed by conduct attributed to a defendant, as well as any person who self-identifies as such, enjoys all of the procedural and substantive rights set forth

[under the CVRA]." In addition, the CVRA permits "the crime victim or the crime victim's lawful representative" to assert the rights set out in § 3771(a), as Motorola has done, and states that "the rights described in subsection (a) shall be asserted in the district court in which a defendant is being prosecuted for the crime. . ." 18 U.S.C. § 3771(d)(1), (3). Finally, Motorola's request for a prompt trial is consistent with the rights provided to Motorola under the CVRA. For example, Motorola's right to proceedings free from unreasonable delay necessarily encompasses a right to explain how those proceedings are causing an unreasonable delay and to request that the case proceed in a manner free of such delay.

Accordingly, because the CVRA permits Motorola or its lawful representative to assert certain rights, including those identified in its October 18 submission to the Court, the submission is appropriate and should be considered by the Court.

> Respectfully submitted,
> MORRIS PASQUAL
> Attorney for the United States,
> Acting Under Authority Conferred
> by 28 U.S.C. § 515
>
> By: /s/ *Steven J. Dollear*
> STEVEN J. DOLLEAR
> VIKAS K. DIDWANIA
> MELODY WELLS
> Assistant United States Attorney
> 219 S. Dearborn Street, 5th Floor
> Chicago, Illinois 60604
> Tel: (312) 353-5300

Dated: October 27, 2022