UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| v. | Case No. 1:20-CR-00688 |
| HYTERA COMMUNICATIONS CORPORATION LTD., et al. | Honorable John J. Tharp Jr. |
| Defendants. | |

**DEFENDANT HYTERA COMMUNICATIONS CORP. LTD.'S RESPONSE TO MOTOROLA'S "VICTIMS' RIGHTS SUBMISSION CONCERNING TRIAL DATE"**

Defendant Hytera Communications Corporation Ltd. ("Hytera") respectfully files this response to non-party Motorola Solutions, Inc.'s ("Motorola") submission regarding the prospective trial date in this case (Dkt. 64). As explained below, Motorola's filing is both procedurally improper and without merit.

## ARGUMENT

**I.    MOTOROLA'S APPEARANCE AND SUBMISSION ARE PROCEDURALLY IMPROPER AND WITHOUT MERIT**

Hytera received the ECF notice of the filing of Motorola's appearance and submission at approximately 12:45 p.m. on October 19, 2022, less than 24 hours before the status hearing set for this matter at 9:30 a.m. on October 20, 2022. Motorola did not seek leave of this Court before filing its appearance or its submission. Further, while labeling itself as a "Crime Victim," Motorola did not otherwise limit its appearance. *See* Dkt. 63. None of this was proper.

The Northern District of Illinois Local Rules require that non-parties seek approval *before* making any filing: "No pleading, motion [except for motion to intervene], or other document shall be filed in any case by any person who is not a party thereto, unless approved by the court."[1] N.D. Ill. Local R. 5.6 (bracketed text in original). Motorola may have limited rights to be heard on certain issues under the Criminal Victims' Rights Act ("CVRA"), but this does not include the right to make a general appearance in this matter. *See* 18 U.S.C. § 3771(d)(1) (limiting rights of alleged victims to those specifically enumerated in the statute). As a non-party, Motorola should have complied with Local Rule 5.6 and sought leave to file a limited appearance for the purpose of filing its submission. And it should also have done so pursuant to this Court's standing order that motions be filed at least three business days before being heard. *See* Standing Procedure Order of Judge Tharp, Motion Practice. This is a matter of basic fairness – Hytera should not be put in the position of having to respond to Motorola's allegations in a matter of hours.

While the Court has the right to strike unauthorized filings, Hytera's primary concern now is forward-looking. Consistent with the Court's rules, Motorola should be required to secure approval from the Court *before* making any submission, including with proper notice to the Court and Hytera. Unless this procedure is followed, Motorola will merge its argument for standing with its submission on the merits, as happened here, resulting in prejudice to Hytera by forcing the Court to review (mis)information or arguments that are not properly before the Court.

Motorola's submission illustrates this problem, as its filing constitutes a biased effort to attack and discredit Hytera unfairly before this Court. For example, Motorola alleges throughout its submission that Hytera is a "foreign criminal enterprise" involved in an "ongoing crime spree"

---

[1] Pursuant to Local Criminal Rule 1.2, local civil rules are applicable in criminal cases: "In all criminal proceedings, the Civil Rules of this Court shall be followed insofar as they are applicable."

because Hytera "continues to sell competing products with stolen Motorola technology." Dkt. 64 at 1-3.

In truth, Hytera is the second largest global manufacturer of radio equipment, including many products relied upon by first responders around the world.[2] And Hytera is continuing to sell the products at issue in the civil case based on Judge Norgle's express authorization. After extensive litigation over Hytera's ongoing sales, Judge Norgle denied Motorola's motion for a permanent injunction and ruled that Hytera could continue the sales pursuant to an ongoing court-ordered royalty.[3] *See Motorola Sols., Inc. v. Hytera Comm'ns Corp.*, Case No. 1:17-cv-1973, Dkt. 1349 (N.D. Ill. July 6, 2022). In other words, Hytera is currently selling the accused products *in accordance* with Judge Norgle's orders in the civil case (not in violation of them), including by offering property worth $50 million in a good faith effort to satisfy its royalty obligations.[4]

Lastly, requiring Motorola to follow the Local Rules is not just a matter of procedural fairness for Hytera – if Motorola continues to re-litigate matters from the civil proceeding here, it will be extraordinarily burdensome to the Court. (Of course, if the Court wishes to receive the

---

[2] *See* Bloomberg, *Hytera Announces Global Launch of Next Gen DMR Radio Terminals: H Series* (March 28, 2022), available at https://www.bloomberg.com/press-releases/2022-03-28/hytera-announces-global-launch-of-next-gen-dmr-radio-terminals-h-series.

[3] Because Hytera has developed and launched a new product that is based on substantially different hardware and software technology, sales of its older accused products have decreased dramatically as those products are phased out.

[4] Motorola also alleges that Hytera has "refus[ed] to pay" the civil damages award, but as Motorola is well aware, Judge Norgle deferred ruling on enforcement of the judgment and damages in the civil case because those matters are currently on appeal before the Seventh Circuit. *See* Notice of Appeal, *Motorola Sols., Inc. v. Hytera Comm'ns Corp.*, Case No. 22-2370 (Dkt. 1-1) (7th Cir. Aug. 3, 2022). And there is no supersedeas bond required during the appeal. *See Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986) (holding that Rule 62's bond language is permissive rather than mandatory).

thousands of pages of filings and exhibits that led to Judge Norgle's royalty order, Hytera will provide them. But that seems unnecessary.)

In short, there are many good reasons why prosecutors are entrusted with pursuing criminal matters rather than aggrieved parties. Motorola is not an exception to that rule, or the rules that govern non-parties. Hytera respectfully asks the Court to require Motorola to follow those rules.

## II. NO TRIAL DATE SHOULD BE SET IN LIGHT OF THE COMPLEXITY OF THE CASE AND HYTERA'S CONSTITUTIONAL RIGHTS

Motorola requests that this case be tried "as soon in 2023 as possible" (Dkt. 64 at 4),[5] and the government has proposed a date toward the end of 2023. As the Court found during the October 20, 2022 hearing, it remains premature to set a trial date given the complexity of this case, especially given the volume of discovery and the number of outstanding unresolved issues surrounding the protective order.

Other reasons also counsel against prematurely setting a trial date in this matter. First, Hytera has a constitutional right to prepare a complete defense, which includes taking the time needed to present that defense. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense" (internal quotation omitted)). The rights conferred upon alleged victims under the CVRA do not override a defendant's due process rights, including, most critically, a defendant's right to prepare for trial. *See United States v. Tobin,* No. 04-CR-216-01-SM, 2005 WL 1868682, at *1–2 (D.N.H. July 22, 2005) ("Congress, in enacting the CVRA, did not mean to . . . deprive either criminal defendants

---

[5] Motorola proceeds on an incorrect premise when it purports to "apprise the Court of its position concerning the setting of a date for the speedy trial." Dkt. 64 at 1. Motorola's position implies that it has a special right to a "speedy trial" – but that right belongs to Hytera under the Constitution and Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* Instead, as an alleged victim under the CVRA, Motorola has the right only to "proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7).

or the government of a full and adequate opportunity to prepare for trial" because the "defendant's right to adequate preparation is, of course, of constitutional significance"). Indeed, the Senate sponsors of the CVRA were explicit in their view that the statutory right to proceedings free from unreasonable delay neither "curtail[s] the Government's need for reasonable time to organize and prosecute its case" nor "infringe[s] on the defendant's due process right to prepare a defense." *See* Senate Debate at S4268-69 (statement of Sen. Kyl); *see also United States v. Turner*, 367 F. Supp. 2d 319, 334 (E.D.N.Y. 2005).

This is a complex case by any measure. It involves over 7 million pages of documents, which will require numerous experts on both sides to interpret. The civil trial over similar issues lasted approximately four months. It is unclear why the government believes that the criminal trial will be so much shorter, but even their estimate of 3-4 weeks presumably covers only the time it would take to present their case, as Hytera's defense case in the civil trial lasted approximately 8 weeks. Further complicating matters is the fact that, at this point in the criminal case, neither the defendant nor any defense experts have access to any of the documents produced in this case, since Hytera and the government have not negotiated the final protective order. Thus, setting a trial date now would be both premature and unnecessarily prejudicial.

## **<u>CONCLUSION</u>**

For the reasons noted above, Hytera respectfully asks that the Court order Motorola to comply with the Court's rules governing non-party submissions, and defer any ruling on the trial date until Hytera is in a better position to estimate the time it will need to prepare for trial. There has been no "unreasonable delay" – the parties have been working in good faith to address the complex issues involved in this case, and will continue to do so moving forward.

Date: October 27, 2022

Respectfully submitted,

/s/ *Christopher S. Niewoehner*

Christopher S. Niewoehner
cniewoehner@steptoe.com
Rachel M. Cannon
rcannon@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe Street, Ste. 4700
Chicago, IL 60606
Telephone: (312) 577-1300
Facsimile: (312) 577-1370

Shawn P. Davisson (*pro hac vice*)
sdavisson@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

**CERTIFICATE OF SERVICE**

I, Christopher S. Niewoehner, an attorney, hereby certify that on October 27, 2022, I caused a true and correct copy of the foregoing submission to be served via the Court's ECF system upon all counsel of record.

/s/ Christopher S. Niewoehner
Christopher S. Niewoehner