UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

HYTERA COMMUNICATIONS
CORPORATION, LTD.

No. 20 CR 688-1

Judge John J. Tharp, Jr.



FILED
1/13/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
AIR

## PLEA AGREEMENT

1.      This Plea Agreement between the Acting United States Attorney for the Northern District of Illinois, MORRIS PASQUAL, and defendant HYTERA COMMUNICATIONS CORPORATION, LTD., and its attorneys, Boyd Cloern, Rachel M. Cannon, and Christopher Niewoehner of STEPTOE LLP, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(C) and Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.      The indictment in this case charges defendant with conspiracy to steal trade secrets, in violation of Title 18, United States Code, Section 1832(a)(5) (Count One), and theft of trade secrets, in violation of Title 18, United States Code, Sections 1832(a)(3) and (a)(4) (Counts Two through Twenty-One).

3.      Defendant has read the charges against it contained in the indictment, and those charges have been fully explained to it by its attorneys.

4.      Defendant fully understands the nature and elements of the crimes with which it has been charged.

1

**Charge to Which Defendant Is Pleading Guilty**

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the indictment: Count One, which charges defendant with conspiring to steal trade secrets, in violation of Title 18, United States Code, Section 1832(a)(5).

**Factual Basis**

6.      Defendant will plead guilty because it is in fact guilty of the charge contained in Count One of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish its guilt beyond a reasonable doubt:

Beginning no later than 2008, defendant Hytera Communications Corporation, Ltd. ("Hytera"), through the acts of Gee Siong Kok, Yih Tzye Kok, Samuel Chia Han Siong, Phaik Ee Ooi, Wong Kiat Hoe, Yu Kok Hoong, and Chua Siew Wei (collectively, "the individual co-defendants"), did knowingly conspire to steal at least one trade secret, in violation of Title 18, United States Code, Section 1832(a)(5).

More specifically, Hytera was a telecommunications company headquartered in Shenzhen, China. Motorola Malaysia Sdn. Bhd. was a telecommunications company with offices located in Malaysia, and a wholly owned subsidiary of Motorola Solutions, Inc. (collectively, "Motorola"), a company headquartered in Schaumburg, Illinois. In or about 2007, Motorola introduced a digital mobile radio ("DMR") product line to market.

In or around 2008, the individual co-defendants agreed to take, without authorization, certain Motorola documents and source code related to DMR

2

technology and used some of that information to develop Hytera DMR products, some of which were ultimately marketed and sold in the Northern District of Illinois after June of 2016. The individual co-defendants did so intending to convert at least one trade secret for Hytera's use in producing DMR products into interstate commerce, which Hytera ultimately did produce in or about 2010. The individual co-defendants knew and/or reasonably believed some of the information they agreed to steal was reasonably protected to be kept secret by Motorola and derived independent economic value by not being generally known or readily ascertainable. The individual co-defendants also intended or knew that taking at least one trade secret would potentially injure Motorola.

Defendant admits that these facts establish its guilt in the above-captioned case. By admitting these facts, defendant reserves the right to challenge at sentencing whether the trade secrets alleged by the government are in fact trade secrets.

### Maximum Statutory Penalties

7.     Defendant understands that the charge to which it is pleading guilty carries the following statutory penalties:

a.     A minimum sentence of one year of probation and a maximum sentence of five years of probation. This offense also carries a maximum fine of $5,000,000, or three times the value of the stolen trade secret to the defendant, including expenses for research and design and other costs of reproducing the trade secret that the defendant has thereby avoided, whichever is greater.

3

b.     Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

c.     Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $400 on the charge to which it has pled guilty, in addition to any other penalty or restitution imposed.

### Sentencing Guidelines Calculations

8.     Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9.     For purposes of calculating the Sentencing Guidelines, the government's position as of the date of this Agreement is as follows:

4

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the 2024 Guidelines Manual.

b. **Fine Calculations.**

i. The base fine amount is at least $252,100,000, pursuant to Guideline § 8C2.4(a)(3), which is the preliminary estimated pecuniary loss from the offense caused by defendant, and is greater than the base fine amounts resulting from the calculations pursuant to Guideline §§ 8C2.4(a)(1) and (a)(2).

ii. The base culpability score is 5 points, pursuant to Guideline § 8C2.5(a).

iii. The culpability score is increased by 5 points, pursuant to Guideline § 8C2.5(b)(1)(A), because defendant had 5,000 or more employees and an individual within high-level personnel of the organization, including G.S. Kok, participated in, condoned, or was willfully ignorant of the offense.

iv. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for its criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for its actions within the meaning of Guideline § 8C2.5(g)(3), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to its

5

ability to satisfy any fine or restitution that may be imposed in this case, a one-point reduction in the culpability score is appropriate, pursuant to Guideline § 8C2.5(g)(3).

v. With a total culpability score of 9 points, pursuant to Guideline § 8C2.6, the minimum fine multiplier is 1.80 and the maximum fine multiplier is 3.60.

vi. Defendant Hytera does not agree with the government's Sentencing Guidelines calculations.

c. **Term of probation calculations.**

i. Pursuant to Guideline § 8D1.1(a), the court shall order a term of probation because such sentence may be necessary to secure payment of restitution and a monetary penalty, and if the penalty is not paid in full at the time of sentencing, restrictions are necessary to safeguard the defendant's ability to make payments.

d. **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated advisory sentencing guidelines fine range, pursuant to Guideline § 8C2.7, is $453,780,000 to $907,560,000, in addition to any restitution the Court may impose.

e. Defendant and its attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case.

Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw its plea on the basis of the Court's rejection of these calculations.

10.     Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw its plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

**Agreements Relating to Sentencing**

11.     This Agreement will be governed, in part, by Fed. R. Crim. P. 11(c)(1)(C). That is, the parties have agreed that the fine imposed by the Court shall not exceed $60,000,000. Other than the agreed maximum fine, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. Each party is free to recommend whatever fine amount it deems appropriate up to the agreed maximum. If the Court accepts and imposes a fine that does not exceed the

agreed maximum fine set forth, defendant may not withdraw this plea as a matter of right under Fed. R. Crim. P. 11(d) and (e). If, however, the Court refuses to impose a fine that does not exceed the agreed maximum fine amount, thereby rejecting this Agreement, or otherwise refuses to accept defendant's plea of guilty, either party has the right to withdraw from this Agreement, subject to the limitations set forth in paragraph 33.

12.     The parties agree to recommend a sentence including a term of probation of five years. The government will make any recommendations relating to discretionary conditions of probation following the receipt of the Presentence Investigation Report.

13.     Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant, together with any jointly liable co-defendants, to make full restitution to Motorola in an amount to be determined by the Court at sentencing and shall reflect credit for any funds repaid prior to sentencing. Hytera reserves the right to request that the Court impose restitution in any amount, which requested amount could be $0.

14.     Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing, and consistent with Guideline §8C3.2(b), that takes into account Hytera's ability to pay. Defendant agrees to make restitution payments pursuant to the schedule imposed by the Court. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), it is required to notify

8

the Court and the United States Attorney's Office of any material change in economic circumstances that might affect its ability to pay restitution.

15. The parties acknowledge that payments made by defendant to the victim, Motorola, will be credited toward restitution owed by defendant in this case to the extent permitted by Title 18, United States Code, Section 3664(j)(2).

16. The parties agree that defendant shall pay the fine in installments over five years, on a schedule to be determined by the Court.

17. Defendant agrees to pay the special assessment of $400 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

18. The parties agree to recommend a sentencing date in November 2025 to be set by the Court at a mutually agreeable date by the parties and the Court. Defendant agrees to be sentenced no later than December 1, 2025, and it agrees further that a failure to reach a settlement with Motorola is not a basis on which to seek a continuation of the sentencing beyond December 1, 2025.

19. Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), and Title 31, United States Code, Sections 3711, 3716, and 3728, but only in conjunction with any payment schedule set by the Court. In the event of the dissolution of, or the government's inability to locate the named recipient(s) of restitution in the Judgment and Commitment Order, the defendant agrees to not oppose efforts by the government to obtain an order substituting as

9

payee any other successor entity appointed as suitable by the court, or the Crime Victims Fund.

20. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment, as well as the forfeiture allegation as to defendant.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

21. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 20 CR 688-1.

22. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity, except that any prosecution against Hytera related to conduct committed by Hytera and its co-defendants as described in the factual basis is fully covered under this Agreement. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

23. Defendant agrees that this Agreement will be executed by an authorized corporate representative of Hytera Communications Corporation, Ltd. The defendant

further agrees that the Certificate of Corporate Resolution attached as Appendix A was duly adopted by Hytera Communications Corporation, Ltd., and represents that the signatures on this Agreement by Hytera Communications Corporation, Ltd., and its counsel, are authorized by Hytera Communications Corporation, Ltd.

24.     Defendant agrees that it has the full legal right, power, and authority to enter into and perform all of its obligations under this Agreement.

25.     Defendant agrees that in the event it sells, merges, or transfers all or substantially all of its business operations as they exist as of the date of this Agreement, regardless of the structure of any such transfer, merger or sale, the defendant shall include in any contract for sale, merger, or transfer, a provision fully binding the purchaser(s) or any successor(s)-in-interest thereto to the obligations described in this Agreement.

26.     Defendant agrees to abide by all terms and obligations of this Agreement as described therein, including the following:

a.      to plead guilty as set forth in this Agreement;

b.      to abide by all sentencing stipulations contained in this Agreement;

c.      to appear, through its duly appointed representatives, as ordered for all court appearances;

d.      to commit no further crimes;

e.      to be truthful at all times;

11

f.      to pay the applicable restitution, fine, and special assessment by the dates specified in this Agreement or as ordered by the Court.

## Waiver of Rights

27.     Defendant understands that, by pleading guilty, it surrenders certain rights, including the following:

a.      **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against it, and if it does, it would have the right to a public and speedy trial.

i.      The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and its attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict it unless, after hearing all the evidence, it was persuaded of its guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately.

12

The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

    iv.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and its attorney would be able to cross-examine them.

    vi.  At a trial, defendant could present witnesses and other evidence in its own behalf. If the witnesses for defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii.  At a trial, defendant would have a privilege against self-incrimination so that it could decline to testify, and no inference of guilt could be drawn from its refusal to testify. If defendant desired to do so, it could testify on its own behalf.

    b.  **Waiver of appellate and collateral rights**. Defendant further understands it is waiving all appellate issues that might have been available if it had exercised its right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the

13

right to appeal its conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal its conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including fine but excepting restitution, and the term and conditions of probation within the maximums provided by law, in exchange for the concessions made by the United States in this Agreement. In addition, defendant also waives its right to challenge its conviction and sentence, excepting restitution, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to the amount of any restitution order or a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

28. Defendant understands that, by pleading guilty, it is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to it, and the consequences of its waiver of those rights.

**Presentence Investigation Report/Post-Sentence Supervision**

29. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall endeavor to ensure that the relevant facts and sentencing factors, as

14

applied to the facts, are brought to the District Court's attention fully and accurately, including facts related to the defendant's criminal conduct and related conduct, and any relevant information concerning the defendant's background, character, and conduct that the District Court may consider under 18 U.S.C. § 3661 in imposing a sentence.

30. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of its financial circumstances, including its recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of its sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

## Other Terms

31. Defendant agrees to cooperate with the United States Attorney's Office in collecting any ordered fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

32.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

33.     Defendant understands that its compliance with each part of this Agreement extends throughout the period of its sentence, and failure to abide by any term of the Agreement is a violation of the Agreement and will not be grounds to withdraw its guilty plea. Defendant further understands that in the event it violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement. Defendant further understands that in the event defendant violates this Agreement by failing to pay restitution or the applicable fine as ordered by the Court, the government, alternatively, and at its option, may move to vacate the sentence, resentence defendant, and request the imposition of a fine at or below the applicable statutory maximum notwithstanding the agreement described in paragraph 11 or Rule 11(c)(1)(C), none of which will be grounds for defendant to withdraw its guilty plea. The government may also require defendant's specific performance of this Agreement.

34.     Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of

16

limitations between the signing of this Agreement and the commencement of such prosecutions.

35. Defendant and its attorneys acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

36. Defendant acknowledges that it has read this Agreement and carefully reviewed each provision with its attorneys. Defendant further acknowledges that it understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 1 8 25

/Morris Pasqual/ by JY
_____
MORRIS PASQUAL
Acting United States Attorney


_____
STEVEN J. DOLLEAR
MELODY WELLS
THOMAS P. PEABODY
WESLEY A. MORRISSETTE
Assistant U.S. Attorneys

_____
HYTERA COMMUNICATIONS
CORPORATION, LTD.
Defendant

_____
BOYD CLOERN
RACHEL M. CANNON
CHRISTOPHER NIEWOEHNER
STEPTOE LLP
Attorneys for Defendant

17

## CERTIFICATE OF COUNSEL

We are counsel for Hytera Communications Corporation, Ltd. ("Hytera") in the matter covered by this Agreement. In connection with such representation, we have examined relevant Hytera documents and have discussed this Agreement with the authorized representatives of Hytera. Further, we have carefully reviewed every part of this Agreement with authorized representatives of Hytera. We have fully advised them of Hytera's rights, possible defenses, the Sentencing Guidelines provisions, and the consequences of entering into this Agreement. Moreover, we are of the opinion that Hytera's authorized representatives have been duly authorized to enter into this Agreement on behalf of Hytera. Accordingly, we are of the view that this Agreement has been duly and validly authorized, executed, and delivered on behalf of Hytera and is a valid and binding obligation of Hytera. To our knowledge, Hytera's decision to enter into this Agreement is an informed and voluntary one.

DATE: 1/7/25

BOYD CLOERN
RACHEL M. CANNON
CHRISTOPHER NIEWOEHNER
STEPTOE LLP
Counsel for Hytera Communications
Corporation, Ltd.

18

APPENDIX A

## CERTIFICATE OF CORPORATE RESOLUTIONS: HYTERA COMMUNICATIONS CORPORATION, LTD.

WHEREAS, Hytera Communications Corporation, Ltd. ("Hytera") has been engaged in discussions with the United States Attorney's Office for the Northern District of Illinois regarding the charges in the indictment; and

WHEREAS, to resolve such charges, it is proposed that Hytera enter into a certain agreement with the United States; and

WHEREAS, outside counsel for Hytera have advised Hytera of its rights, possible defenses, the Sentencing Guidelines provisions, and the consequences of entering into such agreement with the United States;

1. Jin Du, General Counsel of Hytera is hereby authorized, empowered, and directed, on behalf of Hytera, to execute the plea agreement;

2. Jin Du, General Counsel of Hytera is hereby authorized, empowered, and directed to take any and all actions as may be necessary or appropriate and to approve the forms, terms, or provisions of any agreement or other documents as may be necessary or appropriate, to carry out and effectuate the purpose and intent of the plea agreement.

DATE: _____1/7/25_____

HYTERA COMMUNICATIONS
CORPORATION, LTD.

By: _____Jim Du_____
Jin DU
Hytera Communications
Corporation, Ltd.